IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LIBERTARIAN PARTY of OHIO,** *et al.*, | : | |
| | : | Case No. 2:19-cv-2501 |
| **Plaintiffs,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| v. | : | Magistrate Judge Jolson |
| | : | |
| **WILHELM,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## **OPINION & ORDER**

This matter is before the Court on the Defendants' Motion to Stay briefing on Plaintiffs' Motion for Summary Judgment (ECF No. 10). This matter is fully brief and ripe for review. For the following reasons, Defendants' Motion is hereby **GRANTED.**

### I.       BACKGROUND

In June 2019, the Libertarian Party of Ohio and the Chair of the Libertarian Party of Ohio, Harold Thomas, sued the Commissioners of Ohio's Elections Commission ("Commission"). Plaintiffs bring three claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments. First, Plaintiffs allege that Ohio restricts membership in the Ohio Election Commission based on political party in violation of the First Amendment. Second, Plaintiffs allege an as-applied First Amendment challenge to the "Commission's selective refusal to enforce and/or apply Ohio's corporate contribution restrictions." (ECF No. 1 at ¶ 257). Third, Plaintiffs make an equal protection challenge to the Commission's alleged selective enforcement of Ohio's corporate contribution laws. (*Id.* at ¶ 261). Plaintiffs have requested declaratory and injunctive relief.

1

Plaintiffs filed a Motion for Summary Judgment less than two weeks after filing their Complaint. Defendants filed a Motion to Dismiss for Lack of Jurisdiction in July 2019 and moved to stay Plaintiffs' Motion for Summary Judgment. (ECF Nos. 7, 10). Defendants moved to dismiss on several grounds including Plaintiffs' failure to properly serve Defendants, lack of standing to assert selective-enforcement claims, abstention, and failure to state a claim.

Defendants argue in their Motion to Stay that, if this Court finds that Defendants were not properly served, this Court will be without personal jurisdiction over Defendants. And, without personal jurisdiction, this Court "would not have jurisdiction to consider Plaintiffs' motion for summary judgment." (ECF No. 10 at 1). In addition to these jurisdictional concerns, Defendants have argued that because of the early filing of Plaintiffs' Motion for Summary Judgment, Defendants "have not had adequate time to prepare a response." (*Id.* at 2).

## II.  LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 56(d), if the nonmoving party on a summary judgment motion

> shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Under Rule 56(d), the party requesting deferral of a summary judgment motion must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). A party cannot make such a showing with "[b]are allegations or vague assertions of the need for discovery." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004).

2

Rather, the moving party under Rule 56(d) "must state with 'some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.'" *Id.* (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996))

Defense counsel has submitted a declaration stating that because she began working on the motion to dismiss upon receiving Plaintiffs' Complaint, she has "not conducted any fact-finding or considered whether additional facts would be necessary if this Court were to deny the motion to dismiss." (ECF No. 10-1 at 2). But defense counsel has also stated that "it appears unlikely that discovery will be needed on behalf of the Commission Members." (*Id.*). Essentially, defense counsel's argument is that she has not had time whether to assess what, if any, discovery would be necessary. Thus, "it is not possible to present facts essential to justify an opposition." (*Id.*). Defense counsel has also referred to other cases that require attention and have diverted resources from the instant case.

Plaintiffs argue that these reasons are not sufficient. (ECF No. 12). They argue that this case presents purely legal questions and that any facts that would be relevant to the summary judgment motion are set forth in the administrative record or are within Defendants' possession. Whether any additional discovery is needed would be clarified by Defendants filing a Response to the Summary Judgment Motion. Plaintiffs also assert that Rule 56(d) is not the proper method for requesting a stay, but Plaintiffs would not object "to a proper motion for a reasonable extension of time under Rule 6(b)."[1]

---

[1] Plaintiffs have also noted that they would not object to a motion for extension of time under Local Rule 6.1. That rule does not apply, however, to extensions of time to respond to Motions.

Defense counsel has not shown how allowing discovery in this case would rebut the Plaintiffs' Motion for Summary Judgment.  Nevertheless, *no discovery* has taken place in this case, and even "Plaintiffs are not unsympathetic to the thought that additional time might arguably be useful if not absolutely necessary."  (ECF No. 12 at 8).  Preliminary pretrial conferences have yet to take place, and this Court has set no schedule for how the case will proceed.

Defendants have not met the requirements for a stay under Rule 56(d).  Defendants concede that discovery is likely unnecessary.  They have made only conclusory statements that they still need to evaluate whether Defendants would need additional facts to rebut Plaintiffs' Motion for Summary Judgment and that counsel's caseload has prevented proper preparation to defend a motion for summary judgment.  These statements are plainly inadequate to meet the requirements for relief under Rule 56(d).  Defendants have not shown what materials they would like to obtain and how those materials would bear on their defense to summary judgment.

Nevertheless, this is an unusual case in that Plaintiffs filed their Motion for Summary Judgment barely two weeks after the filing of their Complaint.  Defendants have raised threshold issues including standing and lack of personal jurisdiction for improper service.  Generally, "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."  *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.2 (1986)).  But "a district court need not allow additional discovery by the nonmoving party if the party does not explain how such discovery would rebut the movant's showing of the absence of a genuine issue of material fact."  *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002).

4

Although Defendants' Motion to Stay fails under Rule 56(d), this Court "has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005). When evaluating motions to stay under its inherent powers, courts consider

> (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court.

*Hogan v. Cleveland Ave. Restaurant, Inc.*, 2:15-CV-2883, 2017 WL 5005422, at *2 (S.D. Ohio Nov. 1, 2017).  Courts often consider these factors in the context of a request to stay discovery pending a dispositive motion, but these factors likewise bear on the situation here.

When exercising its discretion to stay proceedings, the court "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).  The moving party has the burden "to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* Usually, the filing of a dispositive motion is not enough to justify a stay. *Hogan*, 2017 WL 5005422, at *3.  But stays may be appropriate where a "motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay" or "it is patent that the case lacks merit and will almost certainly be dismissed." *Williams v. New Day Farms*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010).  This Court has granted a stay of discovery in circumstances similar to those here.  *See, e.g., Meros v. Dimon*, 2:18-cv-00510, 2018 WL 4560596 (S.D. Ohio Sept. 24, 2018) (granting a stay of discovery where a pending motion to dismiss raised issues of "absolute judicial immunity and statute of limitations" and no preliminary pretrial conference had occurred).

While Defendants did not address these factors until their Reply brief, a practice typically prohibited under Local Rule 7.2(d), Plaintiffs' Response was based in part on these five factors. Thus, Defendants' Reply can be characterized as responding to the arguments that Plaintiffs raised in their Response.

Here, a stay of the motion for summary judgment is warranted. Although the burden of handling other cases is no excuse for an inability to answer a motion for summary judgment, the Defendants should nevertheless be given the opportunity to evaluate the need for discovery and collect the facts, however minimal, required to defend the case. Additionally, if Plaintiffs lack standing or this Court does not have jurisdiction over the Defendants because Plaintiffs failed to properly serve them, then Defendants should not be required to answer a Motion for Summary Judgment. (ECF No. 13 at 3–5). Thus, Defendants have shown the need for a stay.

Additionally, litigation is in its infancy. No answer has been filed, no preliminary conferences have taken place, and no schedule has been set.

The Plaintiffs are not likely to be unduly prejudiced. Plaintiffs make claims based on prior gubernatorial debates. The next gubernatorial election is not until 2022. (ECF No. 13 at 6). Although Plaintiffs argue that these claims need to be addressed before any 2020 debates, there is yet time to do so, and such time constraints can be considered when setting a case schedule. Plaintiffs have argued that First Amendment infringements, no matter for how short a time, constitute irreparable injury. (ECF No. 12 at 5). While that may be true for purposes of a preliminary injunction analysis, it cannot be the case that whenever a party alleges a First Amendment violation, they are entitled to an adjudication of a summary judgment motion before any preliminary pretrial proceedings, Rule 12 motions, or even the most minimal amount of discovery.

6

A stay may simplify the issues if this Court finds that Plaintiffs lack standing or that this Court lacks personal jurisdiction because of improper service of the Defendants. Plaintiffs' contention that Defendants should file a Response to the Motion for Summary Judgment to clarify what, if any, additional discovery is needed would turn the typical timeline of litigation on its head. Discovery drives the substance of a summary judgment motion. Summary judgment motions are not strategic mechanisms to drive discovery, and it would be the height of judicial inefficiency for the Court to make them so. Therefore, the final consideration—whether a stay will reduce the burden of litigation on the parties in the court—weighs heavily in favor of staying the Plaintiffs' Motion for Summary Judgment.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay is hereby **GRANTED**. Plaintiffs' Motion for Summary Judgment (ECF No. 6) is hereby **STAYED** until the Court sets a timeline for discovery and motions at a preliminary pretrial conference.

**IT IS SO ORDERED.**

                                                   s/Algenon L. Marbley
                                                   **ALGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

**DATED: August 1, 2019**