# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LIBERTARIAN PARTY**
**OF OHIO, et al.,**

      **Plaintiffs,**

    v.                                          **Civil Action 2:19-cv-2501**
                                                **Chief Judge Algenon L. Marbley**
                                                **Magistrate Judge Jolson**

**DEGEE WILHELM, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Commission Member A. Scott Norman's Motion for a Protective Order. (Doc. 23). For the reasons that follow, that motion is **GRANTED in part** and **DENIED in part**. Discovery in this case is **STAYED** pending resolution of Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 7).

### I. BACKGROUND

Currently, Plaintiffs' summary judgment motion (Doc. 6) and Defendants' motion to dismiss (Doc. 7) are pending before the Court. Relevant here, Defendants' motion to dismiss asserts in part that Plaintiffs did not properly serve Defendants and, as a result, the Court does not have personal jurisdiction over them. (*See generally* Doc. 7).

On August 1, 2019, the Court granted Defendants' motion to stay briefing on Plaintiffs' summary judgment motion, explaining that "[a] stay may simplify the issues if this Court finds that Plaintiffs lack standing or that this Court lacks personal jurisdiction because of improper service of the Defendants." (Doc. 16 at 7). Roughly two weeks later, the parties filed their Rule 26(f) report, agreeing to a limited discovery period ending on September 30, 2019. (Doc. 18 at 3).

On August 12, 2019, Plaintiffs noticed the deposition of Defendant Commissioner A. Scott Norman, and Defendants objected on August 30, 2019. (Doc. 24 at 9). On September 4, 2019, the Court held a status conference with the parties, directing them to file expedited briefs regarding the deposition of Commissioner Norman. (Doc. 22).

While the parties were briefing the motion for a protective order, Plaintiffs requested a status conference with the Undersigned regarding their concerns with Defendants' discovery responses. (*See* Doc. 25). The Undersigned stayed discovery, pending resolution of the motion for a protective order. That motion is now fully briefed and ripe for resolution. (*See* Docs. 23, 24, 25).

## II. DISCUSSION

Commissioner Norman seeks an order quashing the notice of his deposition for two main reasons. First, he reasserts his argument from his motion to dismiss, namely that the Court does not have personal jurisdiction over him because he has not been properly served. (Doc. 23 at 5–6). Second, he avers that any questioning regarding Plaintiffs' selective enforcement claim will intrude improperly on his decision-making privilege. (*Id*. at 9–14). At a minimum, Commissioner Norman asks the Court to stay his deposition pending a ruling on the motion to dismiss. (*Id*. at 14).

Plaintiffs, in response, make three primary arguments: First, service in this case was proper; second, a stay of discovery is unwarranted; and third, the deliberative process privilege does not prohibit Commissioner Norman's deposition. (*See generally* Doc. 24).

"Ordinarily, 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.'" *Novel v. Lowe*, No. 2:13-CV-703, 2014 WL 559088, at *1 (S.D. Ohio Feb. 11, 2014) (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No.

2:10-cv-00219, 2010 WL 3719245, at * 2 (S.D. Ohio Sept. 16, 2010)). But "trial courts have broad discretion and inherent power to stay discovery until all preliminary questions that may dispose of the case are determined." *Id.* (quotation marks, citations, and alteration omitted). And, relevant here, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Id.* (quotation marks and citation omitted).

When resolving a motion to stay discovery, courts apply a balancing test. *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014). "[T]he Court must weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of the discovery." *Id.* (quotation marks and citations omitted). In balancing these interests, courts consider several factors, including the stage of the litigation, whether there is a pending question of law such as jurisdiction or immunity, and whether that question could be resolved with additional discovery. *See, e.g.*, *id.* (weighing these factors when considering a motion to stay discovery).

Here, several considerations weigh in favor of staying discovery. First, this case is "in the very early stages of litigation." *Bob's Stores LLC*, 2014 WL 1045994, at *2 (finding that the early stage of litigation weighed in favor of granting motion to stay discovery). Indeed, the parties filed their Rule 26(f) Report just over a month ago. (*See* Doc. 18). The case's infancy weighs in favor of staying discovery. *See, e.g.*, *Bob's Stores LLC*, 2014 WL 1045994, at *2.

Second, the pending motion to dismiss presents a threshold question of law—whether the Court has personal jurisdiction over Defendants. It makes sense to allow the Court to resolve this foundational issue first before deciding whether Defendant Commissioner Norman may be

3

deposed. *See, e.g.*, *id*. (explaining that "because personal jurisdiction is a threshold issue that determines whether a court has the power to bind the defendant, the nature of the pending motion in this case supports a stay of merits discovery"). Furthermore, the jurisdictional question is not one that can be resolved with additional discovery. Rather, the Court must decide, as a matter of law, whether Plaintiffs properly served Defendants under the Federal Rules of Civil Procedure. This factor, too, weighs in favor of staying discovery. *Novel*, 2014 WL 559088, at *1 (noting that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery").

Additionally, discovery in this case has already required the Court's time and attention. For example, the specific discovery dispute before the Court—whether Commissioner Norman can be deposed—is highly contested. Commissioner Norman argues that the deliberative process privilege protects him from being questioned about his or the Commission's reasons for dismissing the complaints that form the basis of this lawsuit. (*See* Doc. 23 at 9–14). But Plaintiffs, relying on a multi-factor test, maintain that his deposition should proceed, and that the parties should simply resolve any privilege issues as they arise. (Doc. 24 at 18–19 (citation omitted)). Moreover, while they were briefing the motion for a protective order, the parties brought a separate discovery dispute to the Undersigned. (*See* Doc. 25). All of this suggests that the parties are unable to proceed with discovery absent judicial intervention.

Given this, the interests of judicial economy will best be served by resolving the more immediate and potentially case-dispositive question of personal jurisdiction first before turning to the complex discovery disputes in this case. *See, e.g.*, *Lewis v. Loftin*, No. 16-2726-DKV, 2017 WL 5505337, at *2 (W.D. Tenn. Mar. 1, 2017) (granting motion to stay pending resolution of the motion to dismiss for lack of personal jurisdiction, noting that "it makes no sense for this court to

adjudicate discovery disputes like the issues raised in the instant motion for protective order without first determining if this court has the power to bind the parties"); *Bob's Stores LLC*, 2014 WL 1045994, at *2 (noting that "the parties' briefs suggest an inability to cooperate in exchanging information," and that "[i]t would make little sense for the Court to adjudicate discovery disputes without first deciding whether it has the power to bind Defendant").

Finally, the Court does not find that a stay of discovery would unduly prejudice Plaintiffs. While Plaintiffs assert that a discovery stay is unwarranted, they do not indicate that a stay would cause them undue prejudice. Nor would such an argument hold much weight given that discovery in this case appears to be relatively limited and narrow in scope. Further, the stay is only temporary and, as Chief Judge Marbley noted, the issues in this case are not imminent. (*See* Doc. 16 at 6). In sum, Plaintiffs will not suffer undue prejudice resulting from a stay of discovery.

### III. CONCLUSION

For the foregoing reasons, the Motion for a Protective Order, (Doc. 23), is **GRANTED in part** and **DENIED in part**. Discovery in this case is **STAYED** pending the Court's resolution of Defendants' Motion to Dismiss, (Doc. 7), and the Court's scheduling order (Doc. 19) is **VACATED**. After the Court rules on Defendants' Motion to Dismiss, (Doc. 7), the parties are **DIRECTED** to schedule a conference with the Undersigned to discuss case management and, if necessary, the deliberative process privilege.

IT IS SO ORDERED.


Date: October 3, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE